UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JENNIFER THERIOT ET AL | CASE NO.  6:26-CV-01281 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| YOSEPH I FELTAMO ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 9] filed by defendants Brook Trucking LLC and Yoseph I. Feltamo. The motion is regarded as unopposed.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on Interstate 49 in St. Landry Parish on July 30, 2025. Doc. 1, att. 1. On that date, plaintiffs allege, defendant Yoseph Feltamo was driving a semi-truck in the course and scope of his employment with Brook Trucking LLC ("Brook"). *Id.* at ¶¶ 2, 12. Feltamo stopped his vehicle on the shoulder of I-49 to deal with a tire blowout and then reentered the interstate at a low rate of speed. *Id.* at ¶¶ 3–4. After Feltamo reentered the travel lane, "Marcus Landry, an experienced 18-wheeler driver, suddenly and without sufficient warning or time to react, came upon the disabled vehicle that Feltamo was operating and rear-ended same." *Id.* at ¶ 5. Landry died as a result of the injuries he sustained in this accident. *Id.*

At the time of his death, Landry had two minor biological children: ML1 and ML2.[1] *Id.* at ¶ 6. ML1's aunt, Jennifer Theriot, and ML2's mother, Lika Tengang, filed this suit in state court on January 6, 2026, to assert a wrongful death and survival action against Feltamo, Brook, and Brook's insurer, State Farm Mutual Automobile Insurance Company. Doc. 1, atts. 1 & 2. ML1's mother is also deceased and he has no biological parents. Doc. 1, att. 1, ¶ 7. Plaintiffs allege that Theriot has been appointed as his tutrix and is the proper person to assert these claims on his behalf. *Id.*

Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Feltamo and Brook now bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Theriot fails to show procedural capacity to assert claims on ML1's behalf under Louisiana Code of Civil Procedure article 683. Doc. 9. Plaintiffs have not filed a response to the motion within the allotted time. *See* doc. 11 (Notice of Motion Setting). The motion is therefore regarded as unopposed.

## II.
### LAW & APPLICATION

#### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as

---

[1] The parties have included the full names of these minor children, in violation of Federal Rule of Civil Procedure 5.2 and Local Rule 5.7.12. They are admonished to make appropriate redactions and only use the initials on any future filings.

matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## B. Application

Under Federal Rule of Civil Procedure 17, the capacity to sue or be sued is determined by the law of the forum state. Fed. R. Civ. P. 17(b)(3). Louisiana law provides that only "[a] competent major and a competent emancipated minor have the procedural capacity to sue." La. C. Civ. P. art. 682. For an unemancipated minor to bring a lawsuit, "[a]ll persons having parental authority over [the] unemancipated minor must join as proper plaintiffs . . . unless a joint custody implementation order otherwise applies." *Id.* at art. 683(B). During tutorship, the tutor is the proper plaintiff to sue for enforcement of the rights of an unemancipated minor. *Id.* at art. 683(C). When a plaintiff sues as the legal representative of another, his authority is presumed unless challenged by the defendant. *Id.* at art. 700.

Defendants acknowledge that a court order appointing Jennifer Theriot as general tutrix of ML1 was attached to the amended petition. *See* doc. 1, att. 2, p. 8. They maintain that the law requires "a signed Order or other documentation by a Louisiana court supporting that Jennifer Theriot is the proper person to bring claims on behalf of [ML1] *for purposes of this lawsuit*[.]" Doc. 9, att. 2, p. 3 (emphasis in original). The attached order was issued by the 15th Judicial District Court in September 2025, months before the original petition for damages was filed in the 27th Judicial District Court. *See* doc. 1, att. 1. It decrees that Jennifer Theriot is "appointed as Provisional Tutor of the minor child, [ML1], pending the appointment of a legal tutor for the child." Doc. 1, att. 2, p. 8. Because the order is provisional and predates the original petition, the court agrees that it is insufficient to establish Theriot's capacity to represent ML1 in this matter. Accordingly, plaintiffs will be given an opportunity to cure the defect.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Dismiss [doc. 9] be **HELD IN ABEYANCE.** Plaintiffs are given **60 days** to present sufficient evidence confirming Jennifer Theriot's capacity to represent ML1 or to substitute a new plaintiff with the proper capacity. If plaintiffs fail to respond within the allotted time, the Motion to Dismiss will be granted and ML1's claims will be dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on the 27th day of May, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**